**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-1037**

IAN CURRAN LYONS,

　　　　　Plaintiff – Appellant,

　　v.

THE JOHNS HOPKINS HOSPITAL,

　　　　　Defendant – Appellee.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, District Judge.  (1:15-cv-00232-CCB)

Argued:  January 23, 2018　　　　　　　　　　Decided:  February 23, 2018

Before THACKER and HARRIS, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed as modified by unpublished per curiam opinion.

**ARGUED:** Wyatt Gregory Sassman, GEORGETOWN LAW APPELLATE COURTS IMMERSION CLINIC, Washington, D.C., for Appellant.  Jay Robert Fries, FORD & HARRISON, LLP, Baltimore, Maryland, for Appellee.  **ON BRIEF:** Lisa Bender, Student Counsel, Anna Deffebach, Student Counsel, Hali Kerr, Student Counsel, Brian Wolfman, GEORGETOWN LAW APPELLATE COURTS IMMERSION CLINIC, Washington, D.C., for Appellant.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ian Lyons, a clinical social worker employed by The Johns Hopkins Hospital, tested positive for cocaine in December 2012. Lyons, who suffered from bipolar disorder, admitted prior cocaine use to Johns Hopkins staff after learning he tested positive. As a result of the positive drug test, Johns Hopkins placed Lyons on medical leave with his consent and recommended treatment at two drug rehabilitation clinics. In February 2013, one of the drug rehabilitation clinics informed Johns Hopkins that Lyons had stopped treatment after the clinic recommended a more intensive drug treatment program and that he refused to take a drug test when it was offered by the clinic. Lyons did seek treatment for his bipolar disorder, but Johns Hopkins ultimately terminated him in April 2013.

In May 2013, Lyons filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) alleging that Johns Hopkins discriminated against him because of his bipolar disorder. The EEOC did not pursue Lyons' claims but issued him a right-to-sue letter. Lyons then filed a complaint against Johns Hopkins in federal court alleging discrimination and retaliation under the American with Disabilities Act (ADA) based on conduct by Johns Hopkins both before and after he failed the drug test. Johns Hopkins moved for summary judgment on the discrimination claim and for dismissal of the retaliation claims, asserting that Lyons was a current drug user not covered by the ADA under 42 U.S.C. § 12114(a) and that Lyons failed to raise retaliation claims in his EEOC charge. The district court granted summary judgment in favor of Johns Hopkins on Lyons' discrimination claims, concluding that the record established that he was a current drug user not covered by the ADA. The district court also dismissed Lyons'

2

retaliation claims for lack of subject matter jurisdiction because he failed to raise those claims in his EEOC charge. Lyons now appeals the order of the district court.

Lyons argues the district court erred as a matter of law because there is a genuine factual dispute whether he was a current drug user under 42 U.S.C. § 12114(a), Johns Hopkins did not act on the basis of his drug use by discriminating against him prior to his failed drug test, and his EEOC charge properly raised retaliation claims. We review a grant of summary judgment de novo, viewing the evidence and all reasonable factual inferences in favor of the non-moving party. *See Lee Graham Shopping Ctr., LLC v. Estate of Kirsch*, 777 F.3d 678, 681 (4th Cir. 2015). We review the grant of a motion to dismiss for lack of subject matter jurisdiction de novo. *See Balas v. Huntington Ingalls Industries, Inc.*, 711 F.3d 401, 406 (4th Cir. 2013).

After carefully reviewing the record and the order of the district court, and having had the benefit of oral argument, we agree with the district court that Lyons was a current drug user not covered by the ADA under 42 U.S.C. § 12114(a) and that his EEOC charge did not raise retaliation claims. We further conclude that although the district court dismissed Lyons' pre-drug-test discrimination claim on the merits, this claim was not raised in Lyons' EEOC charge and should have been dismissed for lack of subject matter jurisdiction. We therefore affirm as modified, substantially for the reasons stated by the district court. *See Lyons v. The Johns Hopkins Hospital*, 1:15-cv-00232-CCB (D.Md. Dec. 12, 2016).

*AFFIRMED AS MODIFIED*

3